```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
DOUGLAS STILWELL,                        :          24cv7707 (DLC)
                                         :
                          Plaintiff,     :          OPINION AND ORDER
                                         :
            -v-                          :
                                         :
NORTHWELL HEALTH, INC., NORTHWELL        :
HEALTH, INC. d/b/a HUNTINGTON            :
HOSPITAL, and JOSEPH VOLAVKA,            :
                                         :
                          Defendants.    :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

Plaintiff Douglass Stilwell brings this action against defendants Northwell Health, Inc., Huntington Hospital, and Joseph Volavka, alleging that they discriminated and retaliated against him in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the New York State Human Rights Law ("NYSHRL"). The defendants have moved to dismiss the complaint for improper venue or, in the alternative, to transfer the action to the Eastern District of New York ("Eastern District"). For the following reasons, this action shall be transferred to the Eastern District.

## Background

Stilwell alleges the following facts in the complaint. He was employed by Northwell Health ("Northwell") for twenty-two years, spending most of that time working at Northwell's

Huntington Hospital as a Senior Manager and Assistant Director of Food Service.  In 2023, Stilwell interviewed for the position of Director of Food and Dining Services, but Northwell chose to hire a different candidate.  Stilwell, who is fifty-eight years old and openly gay, complained that he had been denied the position due to his age, sex, and sexual orientation.  He was fired three weeks later.

These events transpired in Eastern District, which is where all the parties reside.  Huntington Hospital is located in Huntington, New York.  Stilwell also resides in Huntington.  Northwell is headquartered in New Hyde Park, New York, and Volavka resides in Brightwaters, New York.

This case was filed on October 10, 2024.  Stilwell alleges that the defendants violated Title VII, the ADEA, and the NYSHRL by discriminating against him based on his age, sex, and sexual orientation, and by then retaliating against him for opposing their discriminatory actions.

On January 17, 2025, the defendants filed a motion to dismiss the complaint for improper venue pursuant to Rule 12(b)(3), Fed. R. Civ. P., or, in the alternative, to transfer venue to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).  The motion became fully submitted on February 7.

**<u>Discussion</u>**

The general venue statute is set forth in 28 U.S.C. § 1391(b).  Claims proceeding under Title VII are subject to a separate venue provision, which provides that venue is proper in, among other places, "any judicial district in the State in which the unlawful employment practice is alleged to have been committed."  42 U.S.C. § 2000e-5(f)(3); <u>see also</u> <u>Bolar v. Frank</u>, 938 F.2d 377, 378-79 (2d Cir. 1991) (§ 2000e-5(f)(3) displaces the general venue statute for Title VII claims).

Where a plaintiff asserts multiple claims, venue must be proper as to each claim.  Venue is not proper in this district as to the ADEA claim, which is subject to the general venue statute.  The proper venue for that claim is the Eastern District, as that is where all the defendants reside and all the events relevant to the case occurred.  <u>See</u> § 1391(b).

A court has broad discretion in addressing this issue of improper venue as to the ADEA claim.  The best course of action here is to transfer the action to the Eastern District, particularly since transfer is also warranted under § 1404(a).

When deciding a motion to transfer pursuant to § 1404(a), courts use a multi-factor test that involves considering, among other factors, the plaintiff's choice of forum, the convenience of the parties and witnesses, and judicial economy and the

3

interests of justice.  Corley v. United States, 11 F.4th 79, 89 (2d Cir. 2021).

Stilwell's choice of forum is afforded limited deference because he lacks any "bona fide connection" to this district, as does this overall lawsuit.  Iragorri v. United Techs. Corp., 274 F.3d 65, 72 (2d Cir. 2001) (forum non conveniens).  The other factors weigh in favor of transfer.  The Eastern District is the locus of operative facts, where all the parties are located, and where any depositions are likely to take place.

The plaintiff argues that the geographic factors are neutral when considering a transfer between the Southern and Eastern Districts of New York, relying on cases that highlight the proximity of the federal courthouses in Manhattan and Brooklyn.  This proximity is not significant when all the other factors weigh in favor of transfer.  In any event, the plaintiff's argument assumes the case would be litigated in the Eastern District courthouse in Brooklyn, but this case may well be litigated in the Eastern District courthouse in Central Islip.  See Rule 1(d)(3), Rules for the Division of Business for the Eastern District of New York ("A civil case shall be designated a Central Islip case if . . . a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County[.]").

4

## Conclusion

The Clerk of Court shall transfer this action to the United States District Court for the Eastern District of New York.

Dated:   New York, New York
         February 18, 2025

                                                     _____
                                                         DENISE COTE
                                          United States District Judge